[Crim. No. 29.   Fourth Appellate District.—May 20, 1930.]

THE PEOPLE, Respondent, v. EARL MILLER, Appellant.

No appearance for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

AMES, J., *pro tem.*—The defendant was convicted of a violation of the provisions of an act of the legislature entitled "An act relating to stills and other devices for the manufacture or production of intoxicating liquor for beverage purposes, providing a penalty for the violation thereof and repealing all inconsistent acts," approved April 29, 1927 (Stats. 1927, p. 497), and was sentenced to imprisonment in the state prison at San Quentin for the term provided by law.   He appealed from the judgment of conviction.

The reporter's transcript from the superior court was filed in this court on the fifth day of April, 1930, and the clerk's transcript on April 22, 1930.   No brief on behalf of appellant has been filed, but the cause was placed on the

May calendar of this court, and upon the call of the calendar on May 13, 1930, the attorney-general moved that the judgment be affirmed on the ground that the appellant had failed to appear. At that time the court's attention was called to a letter from counsel for the appellant dated at Santa Ana, California, April 14, 1930, and filed in the office of the clerk of this court on April 22, 1930, in which counsel advised the clerk of this court that he was withdrawing from the case. No other appearance has been made on behalf of appellant.

Section 1253 of the Penal Code is as follows: "The judgment may be affirmed if the appellant fail to appear, but can be reversed only after argument, though the respondent fail to appear."

The time prescribed by the rules of this court for filing the opening brief of the appellant having expired and no further appearance having been made on his behalf or extension of time within which to file his brief applied for, we must assume that the appeal has been abandoned and the judgment will be affirmed in accordance with section 1253 of the Penal Code above quoted. ■ We have, however, examined the record in this case and find the same free from prejudicial error and the evidence ample to support the verdict.

The judgment is affirmed.

Cary, P. J., and Barnard, J., concurred.